**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RANDY FRAZIER SR.,

      Plaintiff,

vs.                                  Case No. 3:07-cv-209-J-20TEM

CUMMINGS LEASING, INC., and
MATRIX EMPLOYEE LEASING, INC.,
Florida corporations,

      Defendants.

_____

## O R D E R

      This case is before the Court on Defendant Cummings Leasing, Inc.'s (hereinafter "Cummings") Motion for More Definite Statement and Motion to Compel Production of Legible Copy of Exhibits Attached to Complaint (Doc. #10). Plaintiff, Randy Frazier, has filed a response in regards to both motions (Doc. #11).

      Plaintiff filed a two count complaint against the Defendants, on March 23, 2007. (Doc. #1). Count I, entitled "FLSA-Unpaid Overtime," alleges that the Defendants, Cummings Leasing Inc. and Matrix Employee Leasing, Inc., failed to compensate Plaintiff for overtime hours. Thus, Plaintiff's counsel alleges that Plaintiff has been deprived of rightful compensation, to which he is entitled to under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. (*Id.* at ¶¶ 11-12). Count II, entitled "Breach of Contract- Unpaid Compensation and Overtime," alleges that the Defendants breached their contractual obligation to Plaintiff by paying him $12.00 per hour, instead of $13.00 per hour, for which Plaintiff contracted. Furthermore, Plaintiff reiterates that the Defendants failed to meet their contractual obligation to the Plaintiff by failing to compensate Plaintiff for hours in excess

of 40 per week.  Thus, similar to the first count, Plaintiff's counsel alleges Plaintiff has been denied rightful compensation by the Defendants. (*Id.* at ¶¶ 15-21).

Defendant Cummings argues that Plaintiff's two-count complaint for actions based upon an alleged violation of the Fair Labor Standards Act, are not sufficiently pled. Accordingly, Defendant Cummings contend Plaintiff's allegations are not sufficient enough to place the Defendants on notice of the specific allegations against them. Specifically, Defendant Cummings asserts that Plaintiff has failed to provide specific allegations of the amount and time of overtime hours for which Plaintiff seeks compensation. Additionally, Defendant Cummings claims it is not aware of the specific allegations against its company because the attachment to the complaint is illegible. Correspondingly, Defendant Cummings has requested a legible copy before it can make a responsive pleading.

Plaintiff contends that the Defendant's motion is unfounded and unwarranted under the Federal Rules of Procedure pertaining to notice pleading and the availability of discovery to remedy the claimed defects raised by Defendant Cummings' motions. (Doc. #11). In Plaintiff's response, Plaintiff asserts several reasons why a more elaborate and detailed explanation of Plaintiff's position has not been submitted. (*Id.* at ¶¶ 1-5). Plaintiff's counsel states his communication with the Defendant's counsel made him believe that the Defendant Cummings was going to withdraw the motion and subsequently file an answer. Plaintiff also asserts that the Defendant Cummings requested to be permitted in delaying the answer, in attempts to allow a decision to be made on a proposed settlement. However, Plaintiff's counsel noted he attempted to contact the Defendant Cummings' counsel by telephone, prior to filing the response to the instant motion, but did not receive a return call. The Court notes that no withdrawal of Defendant's motions was filed prior to Plaintiff's

2

submission of the response.  The Court also noted Defendant Matrix Employee Leasing, Inc. timely filed an answer to the complaint (*see* Docs. #8, #9).

Federal Rule of Civil Procedure 12(e) provides that "if a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). "Courts do not invoke Rule 12(e) frequently and more often dismiss such complaints with leave to amend." *Fease v. Town of Shrewsbury*, 188 F. Supp. 2d 16, 17 (D.Mass. 2002). Federal Rule of Civil Procedure 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). While the Federal Rules of Civil Procedure do not require a plaintiff to "set forth all the facts upon which the claim is based," the complaint must give "the defendant fair notice of what the claim is and the grounds upon which it rests." *Harris v. Procter & Gamble Cellulose Co.*, 73 F.3d 321, 324 (11th Cir. 1996).

When analyzing issues of timing and sequence with discovery, courts look to Fed.R.Civ.P. 26(d). Rule 26(d) states:

> "except in categories of proceedings exempt from initial disclosure under Rule 26(a)(1)(E), or when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). Unless the court upon motion, for the convenience of parties and witnesses and in the interest of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery."

Applying these standards, the Court concludes that Defendant's motion is due to be denied. Under Fed.R.Civ.P. (8), the allegations in Plaintiff's complaint asserting the Defendants' violation of the FLSA are sufficient to put the Defendants on notice as to what

3

Plaintiff is claiming. Plaintiff's complaint sets out the basis for two different counts against the Defendants, in sufficient detail under Rule (8).  In regards to the Defendant Cummings' concern for the specific hours alleged in the Complaint, the Defendants will have ample time in the discovery process to obtain the controverted information. Furthermore, there is no heightened pleading requirement when alleging overtime wage claims under the FLSA. *See Burton v. Hillsborough County, Fla.*, 181 Fed. Appx. 829, 839 (11th Cir. 2006). Thus, Defendant's Motion for a More Definite Statement is **DENIED**.

Nothing in the posture of this case places the parties under an exception to Fed. R. Civ. P.  26(d).  The Court sees no reason to order discovery prior to the case management conference set forth in Fed. R. Civ. P. 26(f) and the Local Rules.  Again, the Defendants will have an opportunity to obtain this information through the discovery process. Thus, in accordance with Fed.R.Civ.P. (26)(d), Defendant's Motion to Compel shall also be **DENIED**.  As a result, this Court directs the parties to adhere to the time lines established for a track two case as set forth in the Notice of Designation (Doc. #3).  *See* Local Rule 3.05; Fed. R. Civ. P. 26.

Accordingly, it is hereby **ORDERED:**

1.      Defendant Cummings Leasing, Inc.'s (hereinafter "Cummings") Motion for More Definite Statement and Motion to Compel Production of Legible Copy of Exhibits Attached to Complaint (Doc. #10) is **DENIED**.

2.      Defendant Cummings is directed to file a responsive pleading to Plaintiff's complaint by the close of business on **August 13, 2007**.

**DONE AND ORDERED** at Jacksonville, Florida this 1st day of August, 2007.

_Thomas E. Morris_

**THOMAS E. MORRIS**
United States Magistrate Judge

Copies:
counsel of record

5